IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILIPPI S. LOWE,
        Plaintiff,

vs.                                         3:08cv383/MCR/MD

ELOISE M. SMITH, et al.
        Defendants.

ORDER and
REPORT AND RECOMMENDATION

      This case is before the court upon plaintiff's complaint against defendants Eloise Smith and the estate of Richard Smith (doc. 1) and motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to so proceed should be granted.

      Plaintiff has styled his complaint as a "Good Faith Complaint per U.S. Law that Plaintiff is Entitle (sic) to damages and Loss." He asserts that jurisdiction is based upon diversity of Citizenship, as he resides in Connecuh County, Alabama, and defendant Eloise Smith and the estate of Richard Smith are both legal residents of Escambia County, Florida. He also cites to 42 U.S.C. § 1983 as an underlying jurisdictional basis for this action. Upon review of plaintiff's complaint, it is the opinion of the undersigned that plaintiff has not stated an actionable or timely federal claim and that this case should be dismissed.

      Plaintiff alleges that he was involved in a motor vehicle accident resulting in property damage and bodily injury in Pensacola, Florida on September 4, 2002. On that date, a vehicle driven by Richard Smith rear-ended plaintiff's vehicle while he

was stopped at traffic light.  He contends that it was obvious that Smith and passenger Eloise Smith had been drinking, but that the State of Florida Highway Patrol ("FHP") used "race as grounds to and did illegally aid the white drunk drivers" and did not give Richard Smith a sobriety tests or cite him for careless driving.  (Doc. 1 at 3).  Plaintiff repeatedly asserts that race was the basis for the FHP's actions, although other than the fact that he is black and the Smiths and the officers were Caucasian offers no basis for his belief.  He claims that the illegal acts by the FHP/State of Florida have resulted in him being unable to settle the legal action arising out of this accident that is still causing damages and loss to him to this day.  (Doc. 1 at 3-4).  Plaintiff claims that Eloise Smith was an "accessory to the fact" because she allowed Richard Smith to drive her USAA insured vehicle, knowing he had been drinking, and that she conspired with the Florida Highway Patrol to suppress evidence, obstruct justice, and stop an FHP officer in the legal performance of her duty. (Doc. 1 at 4).

Plaintiff has made multiple attempts to litigate his claims against the defendants named in this action, and USAA (the insurer of the vehicle involved in the accident), the State of Florida, and the United States.  Plaintiff brought a claim against Richard Smith and Eloise Smith pursuant to 28 U.S.C. § 1391 in case 3:06cv100/MCR/MD.  This case was dismissed on January 31, 2007 for plaintiff's failure to prosecute and to comply with an order of the court after he failed to respond to a discovery motion.  Case 3:06cv248/MCR/MD against the State of Florida was dismissed on January 12, 2007 for failure to prosecute after plaintiff failed to timely file an amended complaint.  Case 3:06cv382/MCR/MD against USAA Insurance Agency was likewise dismissed on February 6, 2007 for plaintiff's failure to timely file an amended complaint.  Case 3:07cv500/WS/EMT against the State of Florida was dismissed for lack of subject matter jurisdiction and Eleventh Amendment immunity on January 10, 2008.  Plaintiff's claims against the State of Florida, USAA Insurance and the United States were dismissed from consolidated case

3:07cv493/MCR/MD, and plaintiff was afforded the opportunity to amend his complaint to attempt to state a conspiracy claim against the Smith defendants. He declined to do so, and the entire case was dismissed on May 30, 2008.

Citing 42 U.S.C. § 1983, plaintiff attempts to state an equal protection claim under the Fifth and Fourteenth Amendments against the two named defendants in this case. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981). Then, "to establish an equal protection claim, a plaintiff must demonstrate that (1) 'he is similarly situated with other persons who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (quoting *Damiano v. Florida Parole & Probation Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)). The court first notes that plaintiff has not shown that the Smiths are "state actors." And, even if they were, plaintiff has not set forth any allegations suggesting that he was similarly situated with other individuals who received more favorable treatment. Thus, having failed to allege facts sufficient to state a claim under § 1983, his equal protection claim should be dismissed.

Plaintiff also makes vague allegations of "conspiracy." He claims that defendant Eloise Smith acted in a concerted criminal effort with the FHP officers to "suppress evidence and obstruct justice." He claims that this action was "wanton negligence, negligence per se negligence and criminal negligence." A complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990);

*Arnold v. Board of Education of Escambia County, Alabama*, 880 F.2d 305, 309 n.2 (11th Cir. 1989); *Kearson v. Southern Bell Telephone & Telegraph Co.*, 763 F.2d 405, 407 (11th Cir. 1985), *cert. denied*, 474 U.S. 1065 (1986). The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must show that the defendants reached an agreement or understanding to commit the acts. *Bendiburg, supra; Addickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970); *see also Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992); *Strength v. Hubert,* 854 F.2d 421, 425 (11th Cir. 1988); *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984). Further, sufficient factual information must be presented so that there is an adequate basis for believing that the conspiracy existed. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Since plaintiff provides no background of material facts with which to support his allegation of a conspiracy against him, his allegations as stated are not actionable and should be dismissed.

Additionally, plaintiff's complaint concerning events that took place in 2002 is likely barred by the statute of limitations. Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 127 S.Ct. 1091, 1094 (2007); *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Federal law determines when the statute of limitations begins to run. *Kato*, 127 S.Ct. at 1095; *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)(citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996)). Generally, "the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Porter v. Ray,* 461 F.3d 1315, 1323 (11th Cir. 2006) (quoting *Lovett*, 327 F.3d at 1182); see also *Rozar,* 85 F.3d at 556, 561-62. The statute of limitations for personal injury and negligence actions in Florida is four years, and hence the statute of limitations for a claim brought in Florida pursuant to 42 U.S.C.

§§ 1981 or 1983 is four years.  *See Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Fla. Stat. § 95.11(3)(a) and (p); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002)); *Baker v. Gulf & Western Industries*, 850 F.2d 1480 (11th Cir. 1988).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

Plaintiff's case be dismissed for failure to state an actionable federal claim against the named defendants.

At Pensacola, Florida this 11th day of September, 2008.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:08cv383/MCR/MD*